# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **ANNIKA WILLIAMS** | * | **CIVIL ACTION NO. 06-1094** |
| **VERSUS** | * | **JUDGE JAMES** |
| **SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Appoint Counsel (Doc. #3) filed by pro se Petitioner, Annika Williams ("Williams"). On June 28, 2006, Williams, on behalf of Gordon Law, Jr., filed a complaint appealing the decision of the Commissioner of the Social Security Administration. On the same date, Williams also filed a Motion for Leave to Proceed *in forma pauperis,* and the current motion before the Court, a Motion to Appoint Counsel. The Court granted Williams leave to proceed *in forma pauperis* on June 29, 2006.

The Court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a party is not entitled to appointment of counsel as a right in a civil action. *Salmon v. Corpus Christi Independent School Dist.*, 911 F.2d 1165, 1166 (5th Cir.1990). Furthermore, the Court does not have funding to pay attorneys to represent pro se plaintiffs in civil cases, and can only request that an attorney agree to such representation.

Certain remedial statutes, such as Title VII of the Civil Rights Act, specifically discuss appointment of counsel. As a result, the case law interpreting those statutory provisions outlines

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

a test the court can use to assess an individual's application for appointment of counsel. *See, generally Gonzalez v. Carlin*, 907 F.2d 573 (5th Cir.1990). When an individual's action is not brought pursuant to a statute which explicitly authorizes the appointment of counsel, the court may appoint counsel in "extraordinary circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982). The existence of extraordinary circumstances will turn on the quality of two basic factors: the type and complexity of the case, and the abilities of the individual bringing it. *Id.*

This case is an appeal of a decision made by the Commissioner of the Social Security Administration. In her motion, Williams states that she talked to one attorney about handling her case. Williams reported that she spoke with E. Roland Charles and he refused to accept her case because he does not handle social security cases.

This Court does not find the existence of extraordinary circumstances that would warrant the appointment of counsel. Williams attempted to hire one attorney who does not handle social security cases. Williams has not contacted any attorneys who regularly represent petitioners in social security appeals. As for the complexity of the case, the Court is unable to thoroughly assess same given the information presently before the Court, but there is no showing on the present record that the complexity of this case is unusual.

This Court does not find that extraordinary circumstances warrant the appointment of counsel; therefore, Williams' Motion for Appointment of Counsel (Doc. #3) is hereby **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of August, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE